CARL E. SCHIMMELFENNIG *v.* GROVE FARM
COMPANY, LTD., BISHOP TRUST COMPANY, LTD.,
Trustee for AUGUSTUS F. KNUDSEN, COOKE TRUST
COMPANY, LTD., and VALDEMAR L'ORANGE
KNUDSEN, Trustees for ERIC A. KNUDSEN and
POIPU RANCH COMPANY, LTD.

No. 4475.

NOVEMBER 13, 1967.

RICHARDSON, C.J., MARUMOTO, ABE AND LEVINSON, JJ.,
CIRCUIT JUDGE FUKUSHIMA FOR MIZUHA, J.

OPINION OF THE COURT BY RICHARDSON, C.J.

Plaintiff Schimmelfennig owns two acres of farm land which adjoin defendants' land situate at Poipu, Koloa, Kauai. From 1951 to 1963 an auwai, or irrigation ditch, which ran over defendants' land channeled water from a stream to plaintiff's land. Since 1963 to present, the auwai became clogged with brush and filled with silt, diverting water from the auwai and preventing it from reaching plaintiff's land. Plaintiff contends that under the decree in Equity No. 144 issued in the Fifth Circuit Court in June 1951, he is entitled to water at the boundary of his land and is not obligated to maintain the auwai. Plaintiff claims damages for defendants' failure to supply water. The decree in Equity No. 144 was as follows:

"Pursuant to the stipulation of all parties to the above entitled action filed herein, and good cause appearing therefor, it is hereby adjudged and decreed that according to ancient custom R. P. 7269, L.C.A. 3606 to Kamae, situated

at Koloa, Island and County of Kauai, Territory of Hawaii, is entitled to receive water from the Konohiki of the Ahupuaa of Koloa in a constant stream 24 hours a day in the amount of 45,000 gallons per day, it being understood that this decree determines the water rights petitioner's land is entitled to under the Hawaiian law of water rights."

Defendants contend that under the above decree plaintiff must maintain the auwai according to "the Hawaiian law of water rights." It would be fruitless at this point to construe the decree because there is very little evidence concerning ancient custom and Hawaiian law on water rights presented here should defendants' construction of the decree prevail. We affirm the court below on another ground.

We are of the opinion that plaintiff has no claim for damages because plaintiff has not shown that he has suffered any injury. During the period in controversy, plaintiff rented his land to a third person and received all rental to which he was entitled. In *Moody* v. *King*, 74 Me. 497, plaintiff, who had rented her mill to a third person, brought suit for damages against the defendant for diverting water from plaintiff's mill. The court stated:

"If there was a diversion of water by the defendant while the mill was under lease, the lessees were the sufferers thereby, not the plaintiff. The lessees have the right of action if one exists. The plaintiff has suffered no loss. She has sustained no injury. She rented her mill at her own price. Her rent was paid without diminution. She has no cause of complaint.

"The writ alleges no diminution of rents in consequence of the alleged diversion of water. If there had been ever so wrongful a diversion, it not being alleged that rents had been thereby diminished, the plaintiff could not recover for any loss of rent thus occasioned."

Plaintiff Schimmelfennig's tenant and not plaintiff suffered damages for failure to receive water if in fact anyone had suffered any damages. Plaintiff would not have received more rental if water had been delivered in accordance with plaintiff's interpretation of the equity decree.

Judgment affirmed.

*D. N. Ingman* for plaintiff-appellant.

*Daniel H. Case* (*Pratt, Moore, Bortz* & *Vitousek*) for Grove Farm Company and Poipu Ranch Company, Ltd. and

*Frank D. Gibson, Jr.* (*Henshaw, Conroy & Hamilton*) for Bishop Trust Co., Ltd., and Cooke Trust Co., Ltd., and Valdemar L'Orange Knudsen, defendants-appellees.